**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Dr. James Kenneth Kist, DC, | ) | CASE NO. 1:25 CV 417 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| Robert F. Kennedy, Jr., | ) | <u>Memorandum of Opinion and Order</u> |
| Secretary of Health and Human | ) | |
| Services, | ) | |
| Defendant. | ) | |

### <u>Introduction</u>

This matter is before the Court upon the briefs of the parties. Plaintiff is seeking judicial

review of the final decision of the Medicare Appeals Council ("MAC" or "Council") dated

January 8, 2025. For the following reasons, the MAC decision is affirmed.

### <u>Facts</u>

Plaintiff Dr. James Kenneth Kist, DC ("plaintiff") filed this Complaint against Robert F.

Kennedy, Jr., Secretary of Health and Human Services ("defendant"). Plaintiff practices

chiropractic medicine and is a Medicare service provider. This case originated with a post-

payment review conducted by a contractor for Medicare of treatment plaintiff provided to 46 patients during 2007-2010. The review ultimately determined that plaintiff had been overpaid by $265,346.00 and reimbursement was demanded in 2011.

Plaintiff appealed this decision to the Administrative Law Judge ("ALJ") in 2014. On May 19, 2022, the ALJ issued a partially favorable decision.  The decision was unfavorable as to 84 patient visits involving 36 patients. Plaintiff timely appealed the ALJ's decision to the MAC. In rendering its decision, the MAC declined to consider a supplemental appeal (which attached more than 60 pages of additional medical documentation not previously submitted) filed by plaintiff on August 23, 2022, because it was not filed within the required 60 days of when plaintiff received the May 19, 2022 decision from the ALJ.   The MAC issued a decision on May 17, 2024, adopting the ALJ's decision.

On July 9, 2024, plaintiff filed a Complaint in the United States District Court seeking judicial review of the May 17, 2024 decision (Case No. 1:24 CV 1147, Judge Bridget Meehan Brennan). Upon joint motion by the parties, Judge Brennan remanded the case to the MAC

> to issue a new decision pursuant to 42 C.F.R. § 405.1140(a)(3). In rendering its new decision, the Council will consider Plaintiff's supplemental appeal as if it were timely filed, and the Council will make a determination regarding any new evidence included in Plaintiff's supplemental appeal, consistent with 42 C.F.R. § 405.1122.

(hereafter, "the remand order"). The case was dismissed without prejudice.

On January 8, 2025, the MAC issued a new decision, which considered plaintiff's issues and arguments in his supplemental appeal, but which also determined that under 42 C.F.R. § 405.1122(c), plaintiff failed to provide good cause to admit the proposed new evidence, i.e., the medical records. The decision was partially favorable to plaintiff and reduced the amount of the

overpayment. In an August 18, 2025 letter to plaintiff, he was informed that due to the partially favorable May 2022 ALJ decision and the partially favorable January 2025 MAC decision, the overpayment was reduced to $198,942.

Plaintiff then filed this Complaint seeking to set aside the January 8, 2025 MAC decision. The Complaint further asserts that the MAC's failure to admit and consider the contents of the August 23, 2022 supplemental appeal resulted in a decision which was not on the merits.

This matter is now before the Court upon the briefs of the parties.

**Standard of Review**

Once the Secretary of Health and Human Services has rendered a final decision on a Medicare claim, judicial review of that decision is available in the same manner as provided under 42 U.S.C. § 405(g). 42 U.S.C. § 1395ff(b)(1)(A). The Court's review is confined to the administrative record of proceedings before the agency. 42 U.S.C. § 405(g). The scope of review is well established:

> Section 205(g) of the Social Security Act limits the Court to review of the administrative record and provides that if the Secretary's decision is supported by substantial evidence, it shall be conclusive. 42 U.S.C. § 405(g). The scope of judicial review in this matter is thus limited to determining whether the Secretary applied the proper legal standards and whether substantial evidence supports that decision. See *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

*Waters v. Becerra*, 2022 WL 4363900, at *4 (W.D. Mich. Sept. 21, 2022), aff'd, 80 F.4th 782 (6th Cir. 2023). "Substantial evidence is more than a scintilla of evidence but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Scheidler v. Sec'y of Health & Hum. Servs.*, 2006 WL 689107, at *2 (S.D. Ohio Feb. 2, 2006)(citations omitted).

**Discussion**

Plaintiff argues that despite the directive in the remand order, the MAC refused to admit into evidence the August 23, 2022 supplemental appeal with supplementing documents based on a finding that good cause did not exist for the admission and consideration of the new evidence. Plaintiff maintains that the case was remanded to the MAC to make a determination based upon the evidence, not to determine whether or not good cause existed for the submission of the evidence. Plaintiff asserts that in failing to consider the evidence, the MAC did not consider the matter on the merits.

Defendant argues that because the MAC followed the three specific dictates of the remand order and plaintiff alleges no other errors on the part of the MAC, his request for judicial review should be dismissed. For the following reasons, the Court agrees with defendant that the relief plaintiff seeks is not warranted.

The MAC's January 8, 2025 decision noted that it entered the request for review of the May 19, 2022 ALJ decision and the accompanying August 23, 2022 "supplemental memorandum" into the record as "Exhibit MAC-1." (Doc. 1 Ex. 1).  Additionally, the MAC stated,

> The appellant also submitted additional medical records, as new evidence. However, as we explain below, the appellant has not provided good cause for the admission of new evidence at this stage of review. 42 C.F.R § 405.1122(c). Therefore, the Council will not admit the new evidence into the record but will mark it as Exh. MAC-2 (excluded) for identification purposes.

(*Id.*). After setting forth the procedural history, the MAC recognized that after appealing to the United States District Court, a remand to the MAC was granted "for the Council to issue a new decision and to consider appellant's supplemental memorandum as if it were timely filed, as well

as to make a determination regarding any new evidence included with the appeal, consistent with 42 C.F.R. § 405.1122." (*Id.*). The MAC then summarized plaintiff's contentions in the supplemental memorandum, citing to it several times and quoting to it extensively. Then, under the subheading ***Preliminary issue: new evidence***, the MAC addressed the new documents submitted with the supplemental memorandum. It stated,

> As a preliminary matter, we address the new documents submitted by the appellant with the request for review. Specifically, for the first time at the Council level, appellant submitted initial treatment plans for beneficiaries [19 patients identified by initials]. Exh. MAC-2." (excluded).

(*Id.*). The MAC explained that evidence offered for the first time before an ALJ or the MAC will be excluded unless good cause can be established for the late submission. The MAC set forth the applicable regulatory requirements for establishing good cause and submitting evidence.

The MAC then noted plaintiff's (appellant therein) argument as to why the new evidence should be admitted, stating the main contention was that "sending a treatment plan that was 6-9 months old from the inquired date had no relevance to the patient['s] updated condition." Plaintiff argued that the ALJ had denied coverage in cases where the initial treatment plan had not been submitted but found coverage in cases where the initial treatment plan was submitted. Plaintiff explained that the initial treatment plan had only been submitted when it coincided with the treatment dates at issue. Further, initial treatment plans had not been provided for some of the patients because initial treatment plans were updated every 1-3 months after reevaluating their conditions. On that basis, plaintiff had submitted only those treatment plans that coincided with the dates of service that the Medicare Administrative Contractor had inquired about rather than the initial treatment plan.

Ultimately, the MAC determined that plaintiff failed to establish good cause for the

introduction of the new evidence:

Applying the requirements for good cause to the appellant's request to admit the new evidence, the Council finds that the appellant has not carried its burden of showing the new evidence is material to an issue addressed in the QIC's [Qualified Independent Contractor] reconsideration and that issue was not identified as a material issue prior to the QIC's reconsideration. In this case, the appellant was given notice by the lower levels of review that the record lacked the required documentation. Specifically, the PSC's [Program Safeguard Contractor] overpayment determination indicated that 98 services, nearly all the claims at issue, lacked the required documentation for an initial visit and lacked a treatment plan (or the treatment plan was incomplete).Thus, even though many of the claims involved subsequent visits, the PSC's determination makes clear that the documentation requirements for initial visits were also required or applicable for subsequent visits. The QIC generally reiterated this finding that the treatment plans were insufficient or missing. The QIC determined the documentation provided by the appellant did not support coverage, and noted that the applicable 'Medicare rules and requirements outline specific documentation requirements, which include: history and physical examination, diagnosis with stated level of subluxation, treatment plan, documentation of specific services rendered...

Therefore, one of the issues before the ALJ was whether the appellant provided sufficient documentation (e.g., initial treatment plans) to meet the requirements outlined in applicable Medicare guidelines and policies, which is necessary to support coverage for the billed services. The ALJ concluded the documentation was insufficient, as did the lower-level reviewers. As such, the Council finds the record demonstrates the ALJ addressed the issue (i.e., documentation of the initial treatment plan) brought out in the lower determinations that was not decided entirely in the appellant's favor, consistent with the regulations.

The appellant has also not presented evidence that it was unable to obtain the initial treatment plans before the QIC issued its reconsideration, nor did they submit any evidence that demonstrates they made reasonable attempts to obtain the evidence before the QIC issued its reconsideration. Rather, the appellant admits that they were in possession of the initial treatment plans at issue but did not submit them to the QIC or another contractor because they believed that 'sending a treatment plan that was 6-9 months old from the inquired date had no relevance to the patients['s] updated condition.'

Although the appellant believed that the initial treatment plans at issue were not relevant for the beneficiaries listed above, we find this contention does not provide good cause for the admission of new evidence at this stage of review, particularly when the appellant was given notice of this issue at the lower levels of review. Therefore, the Council finds that

the appellant has failed to establish good cause for the introduction of this new evidence, and thus it is excluded. Exh. MAC-2 (excluded).

(Doc. 1 Ex. 1 at 11-12 with internal citations omitted). The MAC proceeded to analyze the claims and found more claims to be favorable, and the overpayment was recalculated.

Plaintiff does not argue that the MAC did not apply the proper legal standards and/or that the decision was not supported by substantial evidence. To the extent plaintiff alleges the MAC's decision was based on insufficient evidence because it did not consider, on the merits, the new medical documents, this Court disagrees. Specifically, in issuing a new decision, the MAC considered plaintiff's supplemental appeal as though it had been timely filed and made a determination regarding the new evidence consistent with the applicable regulations.

While plaintiff argues that the MAC was required to admit the new evidence, the remand order stated that the MAC should "consider Plaintiff's supplemental appeal as if it were timely filed, and the Council will make a determination regarding any new evidence included in Plaintiff's supplemental appeal, consistent with 42 C.F.R. § 405.1122." That regulatory provision states:

### § 405.1122 What evidence may be submitted to the Council.

(a) Appeal before the Council on request for review of ALJ's... decision.

(1) If the Council is reviewing an ALJ's... decision, the Council limits its review of the evidence to the evidence contained in the record of the proceedings before the ALJ...

\*\*\*

(c) Evidence related to issues previously considered by the QIC.

(1) If new evidence related to issues previously considered by the QIC is submitted to the Council by a provider, supplier, or a beneficiary represented by a provider or supplier, the Council must determine if the provider, supplier, or the beneficiary represented by a

provider or supplier had good cause for submitting it for the first time at the Council level.

(2) If the Council determines that good cause does not exist, the Council must exclude the evidence from the proceeding, may not consider it in reaching a decision, and may not remand the issue to an ALJ or attorney adjudicator.

As demonstrated by the MAC's decision, quoted above, it addressed the new documents submitted with plaintiff's August 2022 supplemental memorandum in accordance with this regulatory provision and concluded that plaintiff failed to establish good cause for the late introduction of the evidence which was then excluded. Thus, the MAC made "a determination regarding any new evidence included in Plaintiff's supplemental appeal, consistent with 42 C.F.R. § 405.1122" as required by the remand order. Had it been intended otherwise, the remand order would have stated that the MAC must consider plaintiff's new documentation. It did not. Accordingly, plaintiff's contention that good cause was not an issue to be determined by the MAC is belied by the express language of the remand order which cites the regulatory provision for determining whether good cause exists for new evidence.

Plaintiff also argues that the MAC should have found good cause for the late submission of the medical records due to the fact that the Centers for Medicare and Medicaid Services ("CMS") never requested them. However, plaintiff does not dispute that the MAC applied the proper legal standard in determining whether good cause existed, and acknowledges that he has the burden of proof: "[T]he burden of demonstrating good cause lies with the party seeking to introduce the new evidence... [and] requires a reasonable justification for the failure to present the evidence earlier..." (Doc. 13 at 6). Plaintiff does not cite to anything requiring CMS to request documents. Nor has he refuted the MAC's finding that he received notice of the issue of

8

lack of documentation at the lower levels of review.

Because plaintiff fails to demonstrate that the MAC applied an incorrect legal standard or that the decision was not supported by substantial evidence, the decision must be upheld.

**Conclusion**

For these reasons, the January 8, 2025 decision by the Medicare Appeals Council is affirmed.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Court

Date: 3/30/26